UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DERRICK WATKINS,

        Plaintiff,

        v.                                      Case No. 21-cv-1311-bhl

STATE OF WISCONSIN
CIRCUIT COURT OF MILWAUKEE,

        Defendant.

## SCREENING ORDER

Plaintiff Derrick Watkins, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Watkins' motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Watkins has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Watkins has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2) and has been assessed an initial partial filing fee of $4.88. On December 12, 2021, Watkins filed a letter explaining that he cannot afford to pay the initial partial filing fee. He notes that his inmate account has a balance of $0.14 and that he has no outside support. The Court concludes that Watkins lacks the funds to pay the initial partial filing fee, so the Court will waive his obligation to pay that fee. *See* 28 U.S.C. §1915(b)(4).

Watkins will be required to pay the $350 filing fee over time in the manner described at the end of this order.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Watkins asserts that he has been deprived equal protection of the law. He explains that he petitioned the circuit court to dismiss the charges against him in Case No. 2021CF002537 due to pretrial procedural violations and ineffective assistance of counsel. According to Watkins, at the hearing on his motion, the circuit court judge argued the prosecution's case and raised arguments not raised by the prosecution. Watkins asserts that the judge was not neutral. According to Watkins, monetary damages will not compensate him. He asks the Court to "remand the circuit court's decisions to deny plaintiff's post-conviction relief motion, and to acknowledge the clear prejudice plaintiff suffered as a result, and order [the] circuit courts to dismiss [C]ase No. 2021CF002537 with prejudice." Dkt. No. 1 at 3.

### THE COURT'S ANALYSIS

Judges are entitled to absolute immunity. As the Seventh Circuit has explained, the doctrine of judicial immunity "confers complete immunity from suit, not just a mere defense to liability, and is applicable in suits under section 1983 . . . ." *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005) (internal punctuation and citations omitted). If Watkins believes that the judge erred, his remedy is through the appellate process in state court. *See id.* at 661. He may not sue the circuit court judge in a §1983 action.

Further, prisoners have two paths they may travel to obtain relief in federal court: civil tort actions under 42 U.S.C. §1983 (which is unavailable to Watkins on these allegations) and habeas corpus review of state adjudications under 28 U.S.C. §2254. *Morgan v. Schott*, 914 F.3d 1115, 1119 (7th Cir. 2019). The two paths are not interchangeable. When a prisoner challenges "the

3

fact or duration of his confinement," habeas corpus, not §1983, is the proper path. *Id*. (citations omitted). Given the relief Watkins seeks—dismissal of the state criminal charges—it appears that has chosen the wrong path. If Watkins decides to file a federal habeas petition instead, he will have to demonstrate that he has "exhausted" his remedies in state court, and he must make sure that he timely files his petition under 28 U.S.C. §2244(d). The Court will provide Watkins with the guide "Habeas Corpus: Answers to State Petitioners' Common Questions" along with this order so that he may consider how he would like to proceed.

**IT IS THEREFORE ORDERED** that Watkins' motion for leave to proceed *in forma pauperis* (Dkt. No. 4) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because Watkins sues a Defendant who is immune from suit.

**IT IS FURTHER ORDERED** that the agency having custody of Watkins shall collect from his institution trust account the $402 filing fee by collecting monthly payments from Watkins' prison trust account in an amount equal to 20% of the preceding month's income credited to Watkins' trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Watkins is transferred to another institution, the transferring institution shall forward a copy of this Order along with Watkins' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent the Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

4

The clerk's office is directed to include a copy of the guide "Habeas Corpus: Answers to State Petitioners' Common Questions" along with this order.

Dated at Milwaukee, Wisconsin on January 3, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.